UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 07-80382-CIV-MIDDLEBROOKS/JOHNSON

EDWARD HENSON,
    Plaintiff,

v.

ALLISON TRANSMISSION, ET AL.,
    Defendants.
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendant Fleetwood's Motion for Summary Final Judgment (DE 62), filed on November 14, 2008.  Plaintiff filed a belated Response (DE 72) to which Defendant Fleetwood filed a Reply (DE 74).  I have reviewed the Motion and the file in this case.

**Background**

This case involves Plaintiff Edward Henson's dispute with Defendants over a new 2004 American Coach Tradition ("subject vehicle") he purchased from Lazy Days RV Center, Inc., a seller located here in Florida, which is not a Defendant in this action.  The only two remaining Defendants in this case were involved in manufacturing and warranting the subject vehicle. Defendant Fleetwood manufactured and warranted the house portion of the subject vehicle, while Defendant Spartan manufactured and warranted the chassis and drivetrain. Defendant Fleetwood alone brought this summary judgment motion.

1

**Facts**

While Plaintiff disputed every single "undisputed fact" that Defendant Fleetwood included in its motion, many of Plaintiff's objections lack specific references to the record as required by Local Rule 7.5C, and also contain legal argumentation, rather than evidence of a factual dispute. The following are the material, undisputed facts in the case, as found by the Court from an independent investigation of the record.

On May 14, 2004, Plaintiff purchased the subject vehicle from Lazy Days RV Center, located in Seffner, Florida. Defendant Fleetwood issued a warranty to Plaintiff. The warranty is titled "limited one-year/three year warranty." The warranty is two pages long. Across the top of the first page "limited one-year/three year warranty" is written in capital letters. The warranty covers "all defects (other than structural)....for a period of one year from such date or until the unit has received 15,000 total miles of use" and "for structural defects, 3 years." The one-year warranty lasted from May 14, 2004, until May 14, 2005. On the second page, the warranty states "what is not covered by this warranty" and proceeds to list seven items that are not covered, including specifically "Fleetwood will NOT be responsible for any losses, damages, or claims, including but not limited to, property damage, personal injury, loss of income, legal fees or expenses, emotional distress, death, loss of use, loss of value, all other economic loss, adverse health effects, or any other effects caused or alleged to be caused by MICROBIAL MATTER, including but not limited to, mold, mildew, fungus or dry rot."

Plaintiff alleges that after he purchased the subject vehicle, he noticed various defects and non-conformities, to which he alerted Defendants. Plaintiff further claims that Defendants failed to rectify warranted defects, even after ample time to cure them. Plaintiff then filed a lemon law

case which was adjudicated in Florida's statutory RV arbitration program. On November 29, 2006, Plaintiff lost his lemon law case.

Plaintiff then appealed the arbitrator's decision by filing this action which (1) seeks a review of his lemon law case by trial de novo, and (2) adds alternative, breach of warranty-based causes of action. Specifically, Plaintiff alleges in his Second Amended Complaint (DE 33) the following seven separate counts: (1) Appeal by Trial De Novo pursuant to the Florida Lemon Law; (2) Breach of Express Warranties pursuant to the Florida UCC; (3) Breach of Express Warranties pursuant to the Magnuson-Moss Warranty Act; (4) Breach of Implied Warranties under the Florida UCC; (5) Breach of Implied Warranties under the Magnuson-Moss Warranty Act; (6) Recovery of Pecuniary Loss, Litigation Costs, Reasonable Attorney's Fees, and Appropriate Equitable Relief Per Florida Statute Section 681.112; and (7) Recovery of Actual Costs for Remedying Defect, Court Costs, and Reasonable Attorney's Fees Pursuant to Florida Statute Section 320.838.

**Legal Standard**

Summary judgment is appropriate only when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of meeting this exacting standard. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In applying this standard, the evidence, and all reasonable factual inferences drawn therefrom, must be viewed in the light most favorable to the non-moving party. *See Arrington v. Cobb County*, 139 F.3d 865, 871 (11th Cir. 1998); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The non-moving party "[m]ay not rest upon the mere allegations and denials of [its] pleadings, but [its] response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Further, conclusory, uncorroborated allegations by a party in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary judgment motion.  *See Earley v. Champion Intern. Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990).  It is from this point that I begin my analysis of Defendant Fleetwood's summary judgment motion.

**Analysis**

Summary judgment must be granted in favor of Defendant Fleetwood on Counts one and six, Plaintiff's claim for Appeal by Trial De Novo pursuant to the Florida Lemon Law and Plaintiff's claim for Recovery of Pecuniary Loss, Litigation Costs, Reasonable Attorney's Fees, and Appropriate Equitable Relief Per Florida Statute Section 681.112.  Both parties agree that Section 681.102(15) of the Florida Statutes excludes "living facilities of recreational vehicles" from coverage under the Lemon Law.  Specifically, the statute states: "'[m]otor vehicle' means a new vehicle...but does not include...the living facilities of recreational vehicles."  As Defendant Fleetwood appears to be the manufacturer and warrantor of the living facilities of the subject vehicle and Plaintiff has not put into the record or pointed out in the record any evidence to negate Defendant Fleetwood's status as a manufacturer and warrantor of the living facilities alone, this Court has no choice but to grant summary judgment for Defendant Fleetwood on

Count one, Plaintiff's appeal of its Lemon Law claim.  Additionally, as this flaw in Plaintiff's claim against Defendant Fleetwood is fatal to the claim as a whole, the Court declines to go through what all the elements are for establishing a Florida Lemon Law claim.  Moreover, the Court must also grant summary judgment in favor of Defendant on Count six, Plaintiff's claim for recovery of damages under Florida's Lemon Law.  Section 681.112 of the Florida Statutes authorizes a consumer to file suit to recover damages caused by a violation of the Lemon Law.  Because Plaintiff is not prevailing on his Lemon Law claim, Plaintiff cannot recover under the remedies portion of this statute.  The Court also declines to address the parties' arguments about whether this remedy was even available to Plaintiff in the first place, as there is no need to discuss this.

Summary judgment must also be granted in favor of Defendant Fleetwood on Counts four and five of Plaintiff's Second Amended Complaint.  These are the two counts involving breach of implied warranties under the Florida UCC and the Magnuson-Moss Warranty Act ("MMWA").  As a threshold matter in order to establish an implied warranty claim under Florida law, Plaintiff must prove that he was in privity of contract with Defendant Fleetwood.  *See Indemnity Ins. Co. of North America, Inc. v. American Aviation, Inc.,* 891 So.2d 532, 539 (Fla. 2004)(reaffirming that a cause of action for breach of implied warranty requires that the parties be in privity of contract with each other)(discussing *Kramer v. Piper Aircraft Corp.,* 520 So.2d 37 (Fla. 1988)).  This is true for both Plaintiff's Florida UCC claim and his MMWA claim.  *See Bailey v. Monaco Coach Corp.,* 168 Fed. Appx. 893, 894 n.1 (11th Cir. 2006)(stating that while the MMWA gives consumers a private right of action against warrantors for breach of implied warranty, such implied warranty claims are defined by state law).  Privity of contract does not

5

exist where plaintiff has purchased a defective product from a dealer and not directly from the defendant manufacturer/warrantor. *See, e.g., id.* at 894(because plaintiff did not buy the motor home directly from defendant manufacturer/warrantor, there was no privity of contract between the two). Likewise in the case at hand, Plaintiff purchased the subject vehicle from Lazy Days and not from Defendant Fleetwood, the manufacturer/warrantor. Moreover, Plaintiff has provided no proof that there is any kind of agency relationship between Lazy Days and Defendant Fleetwood that would create a privity of contract. Plaintiff simply states that one exists in the Complaint and then restates in his response to the motion for summary judgment that the Complaint properly pled privity. In his response to the summary judgment motion, plaintiff argues that "[t]his Court will recall extensive briefs by Manufacturer and Consumer regarding privity of contract" and points out that Plaintiff's claim of privity survived the motion to dismiss stage. However, survival at the motion to dismiss stage does not translate to survival at the summary judgment stage. As Plaintiff has provided no further evidence of the agency relationship that it alleged, including for example, evidence of a franchise relationship, there appears to be, as a matter of law, no privity between the parties and Plaintiff's claims for breach of implied warranty must fail. Accordingly, the Court grants summary judgment in favor of Defendant Fleetwood on Plalintiff's Count for Breach of Implied Warranties under the Florida UCC and Plaintiff's Count for Breach of Implied Warranties under MMWA.

Additionally, Summary judgment must also be granted in favor of Defendant Fleetwood on Count three, Plaintiff's claim for Breach of Express Warranty under MMWA, Defendant Fleetwood argues, and the Court agrees, that the warranty is a "limited" one and that MMWA only applies to "full" warranties. *See Bailey v. Monaco Coach Corp.,* 350 F. Supp. 2d 1036,

1042 (N.D. Ga. 2004), *aff'd* 168 Fed. Appx. 893 (11th Cir. 2006).  MMWA requires warrantors to designate their warranties as either "full" or "limited."  15 U.S.C. § 2303.  Section 2303 states that "[i]f a written warranty does not meet the Federal minimum standards for warranty set forth in section 2304 of this title, then it shall be conspicuously designated a 'limited warranty.'" *Id*.  Section 2304 states that "[i]n order for a warrantor warranting a consumer product by means of a written warranty to meet the Federal minimum standards for warranty...(3) such warrantor may not exclude or limit consequential damages for breach of any written or implied on such product, unless such exclusion or limitation conspicuously appears on the face of the warranty."  15 U.S.C. § 2304.  Since the exclusions and limitations appear on the second page of the warranty, this warranty does not meet the Federal minimum standards for a warranty and is therefore "limited."  Moreover, Defendant Fleetwood conspicuously designated it as a limited warranty by writing "limited" in capital letters across the top. *See Powers v. Lazy Days RV Center, Inc.,* 2006 WL 2620107 *2 (M.D. Fla. 2006)(finding an identical warranty to be "limited" under the MMWA and also finding that the fact that the warranty was "limited" to be conspicuously designated).  Accordingly, Plaintiff's claim for Breach of Express Warranty under MMWA cannot, as a matter of law, survive summary judgment.

However, summary judgment will not be granted in favor of Defendant Fleetwood on Counts two and seven, Plaintiff's claims for Breach of Express Warranty pursuant to Florida UCC and Recovery of Actual Costs for Remedying Defect, Court Costs, and Reasonable Attorney's Fees Pursuant to Florida Statute Section 320.838.  Both parties agree that an essential element for a breach of warranty claim in a repair-or-replace limited warranty is proof that the defendant failed to repair the reported defect.  *See Bailey v. Monaco Coach Corp.,* 350 F.Supp.

2d 1036, 1043 (N.D. Ga. 2004), *aff'd* 168 Fed. Appx. 893 (11th Cir. 2006). Defendant Fleetwood argues that both of these claims should fail because Plaintiff cannot show that Defendant Fleetwood failed to repair the warranted defects. On this point, there appears to be a legitimate factual dispute. According to Defendant Fleetwood's witness, John Mestlin, an employee at Fleetwood, Fleetwood honored all terms of the warranty and repaired all defects during the coverage period. According to Plaintiff's witness, Colin Jordan, a Forensic Engineer, the warranty was not honored and the defects remain unrepaired to this day.[1] Because of this factual dispute, the Court cannot as a matter of law decide Counts two and seven on this ground.

Defendant Fleetwood makes several more global arguments that could potentially result in granting summary judgment on Counts two and seven. The first argument is that Plaintiff's response to the motion for summary judgment was untimely. The Court does not find untimeliness to be a sufficient reason for granting summary judgment on these counts. The second argument is that Defendant Fleetwood Enterprises, Inc., is not the proper Defendant in

---

[1] Defendant Fleetwood claims that Jordan Colin's Affidavit does not constitute competent evidence, as it is highly speculative and attempts to extrapolate from the present condition of the subject vehicle about its past condition. *See Coberley v. Thor Industries, Inc.,* 908 So.2d 486, 489-90 (Fla. App. 5th Dist. 2005)(striking expert witness's testimony for other reasons, but noting that it was problematic that the expert had no personal knowledge of the condition of the vehicle because he inspected it two years after the period at issue). While the Court agrees with Defendant Fleetwood that there appear to be some holes in Plaintiff's evidence, most notably the fact that there is no affidavit from Plaintiff about the past condition of the subject vehicle, the Court declines to follow Defendant's reasoning. First of all, the Court once again notes that it is required to make all reasonable factual inferences in the light most favorable to the non-moving party. *See Arrington v. Cobb County*, 139 F.3d 865, 871 (11th Cir. 1998). Second, the Court is not sufficiently persuaded by John Mestlin's Affidavit, filed on behalf of Defendant, that Mestlin himself had personal knowledge about the condition of the subject vehicle during the period of the warranty. Mestlin's Affidavit simply states "I have reviewed and am familiar with Fleetwood's warranty history on the subject RV." Thus both parties, based on the summary judgment papers, appear to have equally sufficient or equally insufficient information on the condition of the subject vehicle during the period of the warranty.

this case. At the beginning of each motion filed in this case, Defendant states that it was incorrectly sued as "Fleetwood Enterprises, Inc." In its motion for summary judgment, Defendant once again contends that "Fleetwood Enterprises, Inc." is not the proper defendant in this action, and asks that summary judgment be granted because "Fleetwood Motor Homes of Indiana, Inc." is the proper defendant. As it appears to the Court that Defendant Fleetwood Enterprises, Inc., has been participating in this lawsuit as if it were a proper Defendant and has done nothing to correct this misidentification other than simply stating it despite plenty of opportunities to do more, the Court declines to grant summary judgment on this issue. However, the Court looks forward to a clarification of this issue at trial and concedes that if the wrong Defendant is in fact being sued, this would be a potentially dispositive issue. The Court is unaware of other arguments that Defendant Fleetwood made that would result in summary judgment being granted in its favor on Counts two and seven.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant Fleetwood's Motion for Summary Final Judgment (DE 62) is GRANTED in PART and DENIED in PART. Summary judgment is granted in favor of Defendant on Counts one, three, four, five, and six. Summary judgment is denied on Counts two and seven, the claims for Breach of Express Warranty pursuant to Florida UCC and Recovery of Actual Costs for Remedying Defect, Court Costs, and Reasonable Attorney's Fees Pursuant to Florida Statute Section 320.838.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 28th day of January, 2008.

_____
DONALD M. MIDDLEBROOKS

              UNITED STATES DISTRICT JUDGE

Copies to counsel of record